**Vernon HEATH, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12079.**

Criminal Court of Appeals of Oklahoma.

Dec. 22, 1954.

554

Funston Flanagan, Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Vernon Heath, was charged by an information filed in the District Court of Cotton County with the crime of larceny of a domestic animal, a second offense, was tried, found guilty of larceny of a domestic animal but not as a second offender, and pursuant to the verdict of the jury, was sentenced to serve 3 years in the penitentiary.

Two propositions are presented by the appeal. First, the trial court erred in admitting in evidence photographs of a trailer taken several months after the date of the alleged larceny. Second, the evidence was insufficient to sustain the conviction.

Defendant Heath was charged with the larceny of a white faced cow belonging to one Floyd Dickson who lived near Randlett. Dickson testified that he owned a white faced cow with two small horns 10 or 12 inches long which extended out from the head in a peculiar manner and curved out and forward and upward; that he last saw this cow in his pasture on Sunday, August 12, 1951; that on the morning of August 14, 1951, he was asked to check his cattle by a brother of A. J. Shaw who was his neighbor. That he discovered that his white faced cow with the peculiar horns was missing. He had three gates entering into the pasture but one of them was used very little. He observed some strange tire marks which entered that gate and saw

where a motor vehicle had driven down where his cattle had been. Some of these tracks were made in a hexagonal shape such as made by knobby tires. There were two sets of tracks showing plainly in the moist ground indicating a car pulling a trailer. He later saw a Ford automobile at the sheriff's office and the rear tires were large hexagonal shape, the same as the ones which had been driven into his pasture.

A. J. Shaw testified that he lived about a mile from the pasture of Floyd Dickson; that about 2:30 A.M. on August 14, 1951, he was awakened by some of his horses which had broken out of a corral and that he arose and put his horses back in the lot; that while he was doing this he heard a noise southwest of him and observed a car with a trailer attached driving slowly along the freshly graveled road on Highway 36. That the car came up to Highway 70 and turned east by Shaw's place; that it seemed to be acting peculiarly so he got in his pick-up and followed it to the intersection of Highway 70 and 277; that he stopped his car behind the other car at this intersection; that he had his lights on and saw in the trailer a white faced cow with small crooked horns lying down in the trailer facing the front of the trailer. He wrote down the tag number of the trailer and observed a sign on the side of the trailer reading, "Longhorn Trailer Company, Wichita Falls." The car was a 1941 or '42 model Ford; that the next morning he had occasion to look at some tracks made by a vehicle in the pasture of Mr. Dickson and he could see that an automobile with knobby tires on the rear had driven into the pasture; that a week or 10 days later he saw the same trailer with the identical license tag on it at the Longhorn Trailer Company in Wichita Falls. He also stated that he later saw an automobile at the sheriff's office which resembled the automobile he saw the night of the larceny and this automobile had knobby tires on the rear wheels. On cross examination the witness stated that his suspicions were aroused because he had previously had cattle stolen from him.

J. B. Ridenour of the Longhorn Trailer and Body Company of Wichita Falls testified that about 5:30 P.M. on August 13,

1951, the defendant rented a Longhorn Stock Trailer from them. He identified two pictures submitted to him as being likenesses of the trailer which he rented to the accused which had slats along the sides. He also identified a rental contract signed by Vernon Heath at the time he rented the trailer and stated that defendant was driving a black Ford automobile at the time he rented the trailer.

Boyd Vantine, sheriff of Cotton County, testified that he was informed of the theft of Mr. Dickson's cow and made an investigation at the Dickson pasture. From this investigation he ascertained that there had been a car with a trailer in and out of the pasture. When asked to describe the tracks made by the vehicles, the witness stated that the front wheels of the automobile had crinkled matched treads and the rear tires had hexagonal shaped knobby tires, while the trailer had U. S. Royal treads on it. A day or so later he saw a trailer at Watonga which fitted the description of the trailer which had been reported to him and which had tires on it which made tracks corresponding to the trailer tracks found in the Dickson pasture. Defendant was arrested and he had a black 1942 model Ford which had hexagonal shaped knobby tires on the rear corresponding to the shape of the tires which made the tracks which he found in the pasture. The witness took a picture of the trailer when he found it at Watonga which picture was introduced in evidence at the preliminary hearing and thereafter became lost. Subsequently in February, 1953, the witness took two more pictures of the trailer at the Longhorn Trailer Company which pictures were identified as Exhibits 1 and 2 and were admitted in evidence. The trailer had U. S. Royal tires on it. He also identified a lariat rope which was in defendant's automobile at the time it was searched by the sheriff a few days after the alleged theft had occurred.

The defendant testified and admitted three former convictions, two for larceny of domestic animals and one for robbery with firearms. He admitted most of the evidence introduced by the State was true. He admitted renting the trailer on the afternoon of August 13, 1951, and that he was observed by Mr. Shaw pulling said trailer behind his automobile at a point about 3 miles west of Randlett on U. S. Highway No. 70. He denied, however, that he had a cow in the trailer but testified that he had made a deal to haul some whiskey from Wichita Falls to Watonga; that he loaded 33 cases of whiskey in the trailer at Wichita Falls and covered it with a tarpaulin; that as he proceeded along the highway near Randlett he saw an automobile similar in appearance to that used by law enforcement officers which caused him to turn off the highway and proceed by Shaw's house and back to the highway, but denied that his car came from the south, from the direction of the Dickson pasture. He testified that when he arrived back on U. S. Highway 70, he drove directly to Watonga, unloaded the whiskey and then unhitched the trailer and left it near a service station which was closed.

John Lancaster testified that he operated a service station in Watonga and that on the morning of August 14, 1951, he discovered a two-wheeled trailer parked east of his service station. It had a sign on it stating it belonged to some kind of a body company at Wichita Falls, Texas. He looked at the trailer and did not notice any manure in it. He said nothing about the trailer until Friday when he notified the sheriff of Blaine County. He was not acquainted with the defendant. Four other witnesses testified that defendant's reputation in the vicinity of Marlow where he lived was good.

 The evidence of the State was wholly circumstantial but the circumstances are so positive and so strong in nature as to be convincing of the guilt of the accused. At least it raised a question of fact for the determination of the jury under proper instructions.

In connection with the other assignment of error, it is the contention of the defendant that at the time the pictures taken by the sheriff in February, 1953, were admitted in evidence, there was no proper predicate laid for their admission in that there was no testimony that the trailer was in the same condition and appearance at the time the pictures were taken as it was on the date of the alleged larceny.

These exhibits were admitted in evidence during the examination of the witness Vantine who was the fourth witness used by the State. Counsel's contention that there was no direct testimony by the witness showing the trailer was in the same condition at the time the pictures were taken as it was at the time of the alleged larceny is true. However, the record discloses that these pictures had been submitted to the witness Shaw and to the witness Ridenour. Ridenour stated that they were a good likeness of the trailer. Shaw testified, "This picture shows it in the same condition it was that night. Q. Now you are saying this is the trailer then? A. Yes, sir." Although the witness Vantine in direct testimony did not state that the trailer was in the same condition in February, 1953, when the pictures were taken as it was on the date he first saw it at Watonga shortly after the date of the alleged theft, he did so testify on cross examination. He testified on cross examination that the trailer was in exactly the same condition when the pictures were taken at Wichita Falls as it was in when he first saw the trailer at Watonga with the exception that on the first occasion, the trailer had some cow manure on it and this manure was absent at the time the pictures were taken in February, 1953.

We can perceive where the pictures played an important part in the prosecution of the defendant. The witness Shaw had testified to seeing a cow lying in the trailer and defendant contended that the two signs giving the name of the owner of the trailer were on the rear and side to where Shaw could not have seen inside of the trailer. It was their contention that the signs had been moved from the time the trailer was used by the defendant to the time the pictures were taken and that the pictures did not accurately reproduce the condition of the trailer in so far as the location of the signs were concerned.

As to the rules of law pertaining to the admissibility of photographs, this court has held in Roberts v. State, 82 Okl. Cr. 75, 166 P.2d 111, 113:

"When a photograph is shown to be a faithful reproduction of whatever it purports to reproduce, it is admissible in evidence, as an appropriate aid to the jury in applying the evidence and this is equally true whether it relates to persons, things, or places."

In the body of the opinion this court quoted the general rule from Wharton's Criminal Evidence, 11th Ed., section 773, p. 1317, as follows:

"'It is too well recognized to admit of any doubt that in proper cases, photographs or pictorial representations of physical objects or localities are admissible in evidence. The principle of admitting this kind of evidence is but a corollary to that permitting the introduction of the physical object itself. Stated as a general rule, the proposition is that photographs are admissible in evidence when they are shown to have been accurately taken, to be correct representation of the subject in controversy, and where they tend to illustrate any material fact in the case, or to shed light upon the transaction before the court.'"

There appears to us to be sufficient evidence on the part of the State to justify the admission of the pictures in evidence. The testimony on behalf of the defendant tending to show that there had been some change in the arrangement of the signs on the trailer might affect the weight which the jury might see fit to give to the pictures as evidence.

After careful study of this record, we are thoroughly convinced of the guilt of the accused and feel that he was fortunate in receiving only the minimum sentence for larceny of a domestic animal and not the more serious punishment which would be meted out to him if the jury had found him guilty as a second offender which he admittedly was.

The judgment and sentence of the District Court of Cotton County is affirmed.

POWELL, P. J., and BRETT, J., concur.